UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT COATES,

        Petitioner,

v.                                              CASE NO. 08-13773
                                                HONORABLE GEORGE CARAM STEEH

THOMAS BELL,

        Respondent.
_____/

**OPINION AND ORDER
(1) DENYING PETITIONER'S MOTION TO PROHIBIT RESPONDENT
FROM FILING AN ANSWER TO THE HABEAS PETITION,
(2) DENYING PETITIONER'S MOTION FOR A STAY,
(3) DENYING THE HABEAS PETITION, AND
(4) DENYING A CERTIFICATE OF APPEALABILITY**

       Petitioner Vincent Coates has filed a *pro se* habeas corpus petition challenging his convictions for second-degree murder and possession of a firearm during the commission of a felony (felony firearm). Also pending before the Court are Petitioner's motions to prohibit Respondent from filing a responsive pleading and to hold these proceedings in abeyance pending exhaustion of additional state remedies. Respondent is not in default, and Petitioner's habeas claims lack merit. Furthermore, the Court believes it would be an abuse of discretion to stay this action. Accordingly, Petitioner's pending motions and his application for the writ of habeas corpus are denied.

**I. Background**

       **A. The State Court Proceedings**

       Petitioner initially was charged in Wayne County, Michigan with second-degree murder,

felon in possession of a firearm, and felony firearm. The charges arose from the fatal shooting of Bobby Landrum on May 10, 2004, in Detroit. At the conclusion of Petitioner's preliminary examination, the prosecutor moved to bind Petitioner over on the two firearm offenses and on an amended charge of first-degree murder. The state district court judge denied the prosecutor's motion to amend the information and bound Petitioner over on the original charges of second-degree murder, felon in possession of a firearm, and felony firearm.

The prosecutor subsequently asked the trial court for permission to amend the information and charge Petitioner with first-degree murder. On July 27, 2004, the trial court held oral arguments on the prosecutor's motion and granted the motion.

On the date set for trial (September 13, 2004), Petitioner pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, and felony firearm, Mich. Comp. Laws § 750.227b. In return, the prosecutor dismissed the first-degree murder charge and the count charging Petitioner with being a felon in possession of a firearm. The prosecutor also withdrew a notice charging Petitioner with being a habitual felony offender, and the parties agreed that Petitioner's minimum sentence on the murder count would be twenty-two years in prison.

On September 28, 2004, the trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of twenty-two to thirty-five years for the murder conviction. The Michigan Court of Appeals denied Petitioner's application for leave to appeal "for lack of merit in the grounds presented," *People v. Coates*, No. 270035 (Mich. Ct. App. July 6, 2006), and on November 29, 2006, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues, *see People v. Coates*, 477 Mich. 946; 723 N.W.2d 838 (2006) (table).

On or about May 31, 2007, Petitioner filed a motion for relief from judgment, which the trial court subsequently denied. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," *People v. Coates*, No. 279287 (Mich. Ct. App. Jan. 7, 2008), and on July 29, 2008, the Michigan Supreme Court denied leave to appeal because Petitioner had "failed to meet the burden of establishing entitlement to relief under [Michigan Court Rule] 6.508(D)." *People v. Coates*, 482 Mich. 892; 753 N.W.2d 196 (2008) (table).

**B.  The Federal Court Proceedings to Date**

On September 3, 2008, Petitioner filed a federal habeas corpus petition alleging ineffective assistance of trial counsel during the plea proceedings. On December 15, 2008, Petitioner filed an amended habeas petition in which he raised a sentencing claim and another claim about trial counsel. Respondent subsequently filed a responsive pleading in which he construed the habeas petitions to raise eight grounds for relief. He argued that Petitioner's claims were unexhausted, procedurally defaulted, not cognizable on habeas review, or without merit because the state court's resolution of the claims did not result in an objectively unreasonable application of Supreme Court precedent.

Shortly after Respondent filed his answer, Petitioner asked the Court to prohibit Respondent from filing an answer to his habeas petition. At the time, Petitioner was under the impression that Respondent had not yet filed an answer to his petitions. Petitioner apparently received Respondent's answer at a later date, for on April 24, 2009, he filed a reply to Respondent's answer. In his reply brief, Petitioner states that he intended to raise the following issues in his habeas petition:

1.  Defendant's state and federal constitutional rights were violated when he was coerced into taking a plea because his attorney

3

refused to even respond to the prosecutor's motions and refused to do the investigation requested by Defendant and when the trial court denied his request for a Ginther hearing.

2. Defendant is entitled to resentencing because the sentencing guidelines range was enhanced by the scoring of offense variables 9 and 10 on the basis of facts not proven to a jury beyond a reasonable doubt, in violation of the Sixth and Fourteenth Amendments and because offense variable 13 was misscored.

3. Defendant's plea of guilty was not voluntarily, understandingly, and intelligently made where the trial court neglected to advise him of several of the rights he was relinquishing, including his right of confrontation; Defendant should be allowed to withdraw his plea and, if he is re-prosecuted, the charge must be no higher than second-degree murder.

4. Defendant was denied his constitutional right to the effective assistance of counsel by his attorney's failure to advocate for his client undeflected by conflicting considerations, failure to investigate, failure to file pretrial motions to object to the prosecutor's motion to amend or quash information, and other mistakes and omissions.

5. The evidence is insufficient to support the conviction of first-degree, premeditated murder and Defendant has been denied due process of law.

6. Defendant is entitled to relief from judgment and reversal of his conviction because he was deprived of representation by competent counsel, as guaranteed by the Federal and State Constitutions.

7. Defendant meets the cause and prejudice standard set forth in 6.508(D) in each of the above arguments, by showing constitutionally ineffective assistance of both trial and appellate counsel in violation of the Sixth Amendment right to effective assistance of counsel, and Fourteenth Amendment due process rights clause.

Petitioner then withdrew his second claim regarding the sentencing guidelines, and he added a claim, which alleges that he is entitled to credit for the time he was incarcerated awaiting

4

his sentence. Finally, on January 20, 2010, Petitioner moved to stay these proceedings while he pursues additional state court remedies.

## II. The Pending Motions

Petitioner's motion to prohibit Respondent from filing a responsive pleading is based on the incorrect assumption that Respondent did not file a timely responsive pleading. Respondent's answer to the habeas petition was filed on March 11, 2009, as required by Magistrate Judge R. Steven Whalen's order dated September 8, 2008. Because Respondent is not in default, Petitioner's "Motion Requesting that the Court Prohibit the Respondent from Filing an Answer Opposing the Petitioner's Petition for Writ of Habeas Corpus" [Dkt. #14] is **DENIED**.

Petitioner's motion for a stay alleges that Petitioner has filed a motion in the trial court. The motion alleges that the trial court violated Petitioner's constitutional rights by failing to adhere to clear and precise statutory authority.

If the Court were to permit Petitioner to add this new and unexhausted issue to his habeas petition, the petition would be a "mixed" petition of exhausted and unexhausted claims. A habeas petition containing an unexhausted issue is subject to dismissal, *Rose v Lundy*, 455 U.S. 509, 522 (1982), and a dismissal of this action could bar review of a subsequent habeas petition due to the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Some courts have adopted a "stay and abeyance" approach in these circumstances. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Under this approach, courts stay the habeas petition while the inmate returns to state court to pursue additional state remedies for unexhausted claims. *Id*. After the state court completes its review of the petitioner's new claims, the federal court can lift its stay

and allow the inmate to proceed in federal court. *Id*. at 275-76. Stay and abeyance are available only in limited circumstances, such as when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics. *Id*. at 277-78.

Petitioner has not shown "cause" for failing to raise his new claim as a part of his prior appeals, and his claim appears to lack merit, because the state court's failure to abide with a state statute is not a basis for habeas corpus relief. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984) (explaining that federal courts may not grant the writ of habeas corpus on the basis of a perceived error of state law). Furthermore, Petitioner has already filed one unsuccessful motion for relief from judgment in the trial court, and he may not file another motion for relief from judgment unless he asserts "a retroactive change in law . . . or a claim of new evidence that was not discovered before the first such motion." Mich. Ct. R. 6.502(G)(2). Petitioner's new claim does not appear to meet either exception to Rule 6.502.

The Court concludes that it would be an abuse of discretion to hold this case in abeyance while Petitioner pursues additional remedies in state court. Accordingly, Petitioner's motion for a stay [Dkt. #18] is **DENIED**. The Court will proceed to address Petitioner's habeas claims.

### III.  Procedural Default and Standard of Review

Respondent maintains that several of Petitioner's claims are barred from substantive review by Petitioner's failure to raise the issues on direct review of his convictions. Procedural default is not a jurisdictional limitation, *Pudelski v. Wilson*, 576 F.3d 595, 606 (6th Cir. 2009), *petition for cert. filed* (U.S. Jan. 21, 2010) (No. 09-877), and the Court has found it more efficient to address the merits of Petitioner's claims than to analyze whether the claims are

6

procedurally defaulted. The Court therefore opts to review Petitioner's claims on the merits.

Section 2254(d) of Title 28, United States Code, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of a state court's factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.

**IV. Discussion**

    **A. Trial Counsel and the Voluntariness of the Plea**

Petitioner's first, fourth, and sixth claims allege that Petitioner's plea was involuntary and unintelligent because his trial attorney was ineffective. Petitioner claims that his trial attorney failed to oppose the prosecution's motion to amend the information, did no investigative work to help Petitioner prove his theory of self defense, failed to interview a potential witness, failed to file any pretrial motions, and did not zealously pursue a settlement offer. Petitioner also alleges that his plea was involuntary and coerced because it was based on his attorney's threat that he would be sentenced to life imprisonment if he went to trial.

### 1. Supreme Court Precedent

A guilty plea must be supported by "an affirmative showing that it was intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

> A plea is valid if it is entered voluntarily and intelligently as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S. Ct. 1643, 25 L. Ed. 2d 747 (1970). The constitution requires the circumstances to reflect that the defendant was informed of all the direct consequences of his plea. *Id*. A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charges against him. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976).

*United States v. Ormsby*, 252 F.3d 844, 849 (6th Cir. 2001). "[A] 'plea of guilty entered by one fully aware of the direct consequences' of the plea is voluntary in a constitutional sense 'unless induced by threats . . . , misrepresentation . . . , or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business.'" *Bousley v. United States*, 523 U.S. 614, 619 (1998) (quoting *Brady*, 397 U.S. at 755)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In guilty plea cases, the

8

"performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong requires demonstrating that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### 2. The Alleged Failure to Oppose the Prosecutor's Motion to Amend

Petitioner alleges that his trial attorney was ineffective for failing to oppose the prosecutor's motion to amend the information to include a charge of first-degree murder. This claim lacks merit because the record indicates that defense counsel did oppose the prosecutor's motion to amend the information. Defense counsel raised an objection at the preliminary examination when the prosecutor first made the motion. Defense counsel argued that neither the coroner's report, nor Petitioner's statement to the police, was a sufficient basis for amending count one from second-degree murder to first-degree murder. (Tr. May 26, 2004, at 69.)[1] The state district court judge ruled in defense counsel's favor.

Defense counsel objected again when the prosecutor asked the trial court for permission to amend the information. Counsel argued that the state district court judge did not abuse her discretion when she denied the prosecutor's motion to amend the information. After the trial court indicated that it was granting the prosecutor's motion, defense counsel asked for

---

[1] The Court is unable to determine whether counsel made additional arguments, because one page is missing from the relevant part of the transcript of the preliminary examination.

permission to make an additional argument. He also requested a transcript of the hearing so that he could file a motion for reconsideration. The trial court denied both of defense counsel's requests, stating that it had made a ruling, that it was too late to say anything more, and that there was nothing to reconsider. (Tr. July 27, 2004, at 4-12.)

The record does not support Petitioner's contention that defense counsel failed to oppose the prosecutor's motion to amend the information. Therefore, Petitioner is not entitled to habeas corpus relief on the basis of his claim about counsel's alleged lack of a response to the prosecutor's motion.

### 3. The Alleged Failure to Investigate

#### a. Petitioner's Theory of Self Defense

Petitioner alleges that his trial attorney did not perform an adequate investigation into the charges or Petitioner's theory of self defense. A defense attorney "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," *Strickland,* 466 U.S. at 691, but an attorney is not required "to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success," *Knowles v. Mirzayance*, __ U.S. __, __, 129 S.Ct. 1411, 1420 (2009).

The record in this case indicates that only Petitioner and the victim were present when the shooting occurred. Although Petitioner claims that his cousin could have supported his claim of self defense, he has not explained how his cousin knew what occurred in the vehicle where the shooting occurred. Even Petitioner's appellate attorney conceded at the hearing on Petitioner's motion for relief from judgment that there were no witnesses to the crime. (Tr. Nov. 4, 2005, at 6.) Furthermore, under state law,

> the killing of another person in self-defense by one who is free from fault is justifiable homicide if, under all the circumstances, he honestly and reasonably believes that he is in imminent danger of death or great bodily harm and that it is necessary for him to exercise deadly force. The necessity element of self-defense normally requires that the actor try to avoid the use of deadly force if he can safely and reasonably do so, for example by applying nondeadly force or by utilizing an obvious and safe avenue of retreat.

*People v. Riddle*, 467 Mich. 116, 119; 649 N.W.2d 30, 34 (2002) (footnotes omitted).

Petitioner informed the police that the victim was drunk and acting weird on the night of the shooting. The victim fired a gun at his foot in the victim's apartment, but they left the apartment with the intention of shooting up someone's house. While they were riding around, the victim laid the gun in his lap. Petitioner took the gun from the victim's lap, and when the victim tried to grab it from him, he shot the victim two times. He informed the police that he fired the gun because he was scared and did not know what was on the victim's mind.

The facts set forth in Petitioner's own statement to the police suggest that, even if Petitioner honestly and reasonably believed he was in danger of death or great bodily harm, he could have protected himself and avoided the use of deadly force by throwing the gun out the window, as opposed to shooting the victim. The Court therefore concludes that Petitioner did not have a realistic chance for success on a claim of self-defense, and defense counsel's alleged refusal to investigate Petitioner's theory of self defense was a reasonable decision that made further investigation unnecessary.

### b. Failure to File Pretrial Motions

Petitioner alleges that his attorney failed to investigate whether Petitioner's confession was coerced due to the absence of counsel at a polygraph examination. Police Officer Derryck Thomas testified at the preliminary examination that he took a statement from Petitioner on May

12, 2004. After he advised Petitioner of his constitutional rights, Petitioner signed a waiver-of-rights form. Petitioner appeared to understand his rights, and he was cooperative. According to Officer Thomas, he did not trick Petitioner, force him into making a statement, nor withhold any privileges, such as food or bathroom breaks. Although the statement was taken at approximately 1:00 a.m., Officer Thomas thought that Petitioner had slept the previous day or night. (Tr. May 26, 2004, at 48-61.)

The record indicates that Petitioner's confession was voluntary and freely given and that he waived his right to counsel at the interview. Therefore, defense counsel was not ineffective for failing to file a motion to suppress Petitioner's confession.

Petitioner claims that his trial attorney also failed to determine why a ballistics test was not done on the murder weapon. Petitioner does not say what a ballistics test might have proved, and because Petitioner admitted to the police that he shot the victim, it is unlikely that a ballistics test would have helped Petitioner to defend himself against the charges. Consequently, defense counsel was not ineffective for failing to ask to have the gun tested.

### c. Failure to Pursue a Settlement Offer

Petitioner claims that his attorney failed to zealously pursue a settlement offer, but the record indicates that defense counsel negotiated a favorable plea bargain in Petitioner's behalf. Petitioner was charged with first-degree murder, which is punishable by a mandatory sentence of life imprisonment without the possibility of parole. *See* Mich. Comp. Laws § 750.316(1); *People v. Launsburry*, 217 Mich. App. 358, 363-65; 551 N.W.2d 460, 463-64 (1996). Petitioner pleaded guilty to second-degree murder, which carries a maximum sentence of life imprisonment with the possibility of parole. *See* Mich. Comp. Laws § 750.317; *People v. Wesley*, 421 Mich.

12

375, 412; 365 N.W.2d 692, 709 (1984). The plea and sentencing agreement called for a minimum sentence of twenty-two years, which was six months less than the minimum sentence under the sentencing guidelines. In addition, the prosecutor dismissed the felon-in-possession count, as well as, a notice charging Petitioner with being a habitual offense. The facts do not support Petitioner's contention that his attorney failed to zealously pursue a settlement agreement.

In conclusion, Petitioner has not shown that his attorney's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. Petitioner also has failed to show that his plea was involuntary. He informed the trial court that he was pleading guilty freely and voluntarily, that he understood what was at stake, and that no one had said anything, other than what was contained in the plea agreement, to make him plead guilty. His plea was not invalid simply because he wanted to avoid the possibility of a more severe penalty. *Brady*, 397 U.S. at 755-57. Petitioner has no right to relief on the basis of his ineffective-assistance-of-counsel claims.

### B. The Trial Court's Advice of Rights

Petitioner alleges in claim three that his guilty plea was involuntary because the trial court neglected to advise him of several rights that he was relinquishing by pleading guilty. Petitioner asserts that he should be allowed to withdraw his plea, and if he is re-prosecuted, the charge must be no higher than second-degree murder.

A guilty plea must be voluntary and intelligent. *Boykin,* 395 U.S. at 242. *Boykin*, however, "does not require separate enumeration of each right waived and separate waivers as to each," *Fontaine v. United States*, 526 F.2d 514, 516 (6th Cir. 1975), and defense counsel stated

13

at the plea proceeding that Petitioner had been advised of his rights and had executed a plea form. (Tr. Sept. 13, 2004, at 4.) The trial court then advised Petitioner on the record of the following rights: the right to a jury trial or a bench trial if he preferred one; the right to remain silent and not have his silence used against him; the right to testify and to have his testimony weighed by the same standard as other witnesses; the right to be presumed innocent until proven guilty beyond a reasonable doubt; and the right to have witnesses appear in court and testify under oath. (*Id*. at 6-9). Although Petitioner alleges that the trial court failed to advise him of his right of confrontation, the trial court also informed Petitioner of his right to cross-examine witnesses. (*Id*. at 8.) Petitioner has failed to show that his constitutional rights were violated by the trial court's advice of rights.

### C. Sufficiency of the Evidence

The fifth habeas claim alleges that the evidence was insufficient to support a conviction for first-degree, premeditated murder. This claim lacks merit because Petitioner was convicted of second-degree murder, not first-degree murder. To the extent that Petitioner is challenging the sufficiency of the evidence at the preliminary examination, his claim lacks merit because he had no constitutional right to a preliminary examination. *Gerstein v. Pugh*, 420 U.S. 103, 123, 125 n.26 (1975); *Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965). Therefore, the prosecutor's alleged failure to present sufficient evidence of first-degree murder at the preliminary examination is not a basis for habeas relief. *See Oliphant v. Koehler*, 451 F. Supp. 1305, 1307 (W.D. Mich. 1978) (explaining that the failure to conduct a preliminary hearing cannot form the basis for habeas corpus relief, because the alleged error raises only a matter of state law and procedure and does not constitute the denial of a federal constitutional right).

### D. Sentencing Credit

Petitioner alleges that he is entitled to credit for the time that he was incarcerated awaiting trial and sentencing. This claim is not cognizable on habeas review, because

> [a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)).

*Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003). Thus, Petitioner has no right to relief on the basis of his claim about the failure to award sentencing credits.

### E. "Cause and Prejudice" Argument

Petitioner's final claim alleges that he has satisfied the "cause and prejudice" standard set forth in Michigan Court Rule 6.508(D) by showing constitutionally ineffective assistance of trial and appellate counsel. The Court has not treated any of Petitioner's claims as procedurally defaulted. Consequently, it not necessary to determine whether Petitioner has established "cause" for a procedural default and resulting prejudice.

Furthermore, the Court has already concluded that trial counsel was not ineffective. To the extent that Petitioner is alleging ineffective assistance of appellate counsel as an independent claim, the claim lacks merit because none of the claims that appellate counsel failed to raise on direct review are clearly stronger than the claims counsel did present on appeal. *See Caver v. Straub*, 349 F.3d 340 (6th Cir. 2003) (explaining that, where an attorney chooses to present one argument on appeal rather than another, "the petitioner must demonstrate that the issue not presented was clearly stronger than issues that counsel did present." *Id*. at 348 (internal citation

15

and quotation marks omitted). "[A]ppellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

## V. Conclusion

The state courts' rejection of Petitioner's claims did not result in decisions that were contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. Accordingly, the petition and amended petition for a writ of habeas corpus [Dkt. #1 and #7] are **DENIED**.

The Court declines to issue a certificate of appealability because reasonable jurists would not disagree with the Court's resolution of Petitioner's constitutional claims, nor conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). However, if Petitioner chooses to appeal this decision, he may proceed *in forma pauperis* on appeal without further authorization because he was permitted to proceed *in forma pauperis* in the District Court. Fed. R. App. P. 24(a)(3).

Dated: February 9, 2010

                               S/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 9, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk